UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TORMU E. PRALL, | NO: |
| PETITIONER, | |
| -VS- | CIVIL ACTION |
| CAMBRIDGE DISTRICT COURT, | |
| RESPONDENT. | |

FILED
IN CLERKS OFFICE
2015 JUL 6 PM 2 08
U.S. DISTRICT
DISTRICT OF

## WRIT OF HABEAS CORPUS

JURISDICTION

1. THIS COURT HAS AUTHORITY TO HEAR THE PETITION UNDER 28 U.S.C. § 2241.

PARTIES

2. TORMU E. PRALL (PRALL) IS THE PETITIONER.

3. RESPONDENT CAMBRIDGE DISTRICT COURT IS LOCATED AT 4040 MYSTIC VALLEY PARKWAY IN MEDFORD, MASSACHUSETTS 02155.

- 1 -

ISSUES

4. WHETHER THE STATE'S FAILURE TO INITIATE EXTRADITION PROCEEDINGS IS THE BLAME OF THE DELAY IN BRINGING PRALL TO TRIAL AND VIOLATES <u>DOGGETT V. UNITED STATES, 505 U.S. 647 (1992)</u>?

5. WHETHER THE TOTALITY OF CIRCUMSTANCES IN THIS CASE IS ANALOGOUS TO <u>DOGGETT V. UNITED STATES, 505 U.S. 647 (1992)</u>, WHICH FOUND THE DELAY VIOLATED DEFENDANT'S SPEEDY TRIAL RIGHTS, EVEN THOUGH DEFENDANT COULD NOT DEMONSTRATE EXACTLY HOW DELAY PREJUDICED HIM?

6. WHETHER THE TOTALITY OF CIRCUMSTANCES IN THIS CASE IS ANALOGOUS TO <u>DOGGETT V. UNITED STATES, 505 U.S. 647 (1992)</u>, WHICH FOUND THAT EXCESSIVE DELAY BETWEEN FORMAL ACCUSATION AND TRIAL PRESUMPTIVELY COMPROMISES RELIABILITY OF TRIAL IN MANY WAYS THAT NEITHER PARTY CAN PROVE OR, FOR THAT MATTER, IDENTIFY, AND PRESUMPTIVE PREJUDICE IS PART OF MIX OF RELATIVE FACTS AND ITS IMPORTANCE INCREASES WITH LENGTH OF DELAY?

7. WHETHER PRALL'S ANXIETY AND CONCERN OF UNRESOLVED CRIMINAL CHARGES, COMBINED WITH THE FACT THAT HIS INCARCERATION PREVENTS HIM FROM LOCATING ALIBI WITNESSES, WHO HE ONLY KNOWS BY STREET NAMES AND

- 2 -

might be dead, moved to unknown residences, and have faded memories, constitute prejudicial delay under Doppett v. United States, 505 U.S. 647 (1992)?

8. Has the state made a diligent, good faith effort to bring Prall to trial as required by Smith v. Hooey, 393 U.S. 374 (1969)?

9. Whether the state's litigation misconduct and deliberate deception to both the federal and Massachusetts Supreme Judicial Courts show the delay was intentional and improperly motivated to gain a tactical advantage in a way that Barker v. Wingo, 407 U.S. 514 (1972) prohibits?

10. Whether Commonwealth v. Super, 431 Mass. 492, 727 N.E. 2d 1175, 1181 (Mass 2000), created liberty interest under Meachum v. Fano, 427 U.S. 215, 223-224 (1976), in the expectation that there is no requirement that the prosecution answer ready for trial as a condition precedent to commencing Prall's criminal trial?

11. Whether the Interstate Agreement on Detainers preempts or displaces Prall's right under Doppett v. United States, 505 U.S. 647 (1992) to request a Sixth and Fourteenth Amendment speedy trial?

-3-

FACTS

12. On January 13, 2009, Assistant Middlesex District Attorney Rourke Donnelly notified New Jersey prison officials that detainers had been placed against Prall for arson of a dwelling house, threats, breaking and entering a building in the daytime with intent to commit a felony, possession of cocaine with intent to distribute, and possession of cocaine within a school zone (Exhibit A).

13. On February 19, 2009, Prall submitted a speedy trial motion to the Cambridge District Court. The Clerk received, date stamped, and entered the transaction to the docket sheet the same day (Exhibit B). After not hearing anything back, Prall filed a federal habeas corpus on June 09, 2009, requesting the United States District Court to order the Commonwealth to immediately bring Prall to trial (see Prall v. Cambridge District Court, D. Mass. No. 09-10961-JLT/MBB).

14. In July 2009, Assistant Attorney General Ardio K. Shapiro filed a motion and memorandum to dismiss. He removed the docket entries from behind copies of the criminal complaints, to make it seem as though there were no docket entries, and

-4-

argued no detainer had been lodged and the Cambridge District Court never received Prall's speedy trial motion.

15. While the federal habeas corpus was pending, Prall filed a mandamus in the Massachusetts Supreme Judicial Court, requesting for Cambridge District Court to immediately bring him to trial. In response, Assistant Attorney General Shapiro argued the Cambridge District Court didn't receive Prall's speedy trial motion. He removed the docket entries from behind copies of the criminal complaints attached to his response, to make it seem as though no docket entries existed.

16. On December 23, 2009, Associate Justice Margot Botsford of Massachusetts Supreme Judicial Court concluded Prall offered no confirmation, such as proof of mailing to contradict the Attorney General's representation that Cambridge District Court had no record of a receipt of Prall's speedy trial motion, and denied relief (Exhibit C).

17. In her report and recommendation dated March 08, 2010, United States Magistrate Judge Marianne B. Bowler found that absent a detainer placed with New

-5-

Jersey authorities arising from two of the criminal complaint charged, the federal district court lacked jurisdiction, and Prall failed to exhaust state court remedies (SEE PRALL v. CAMBRIDGE DISTRICT COURT, D. MASS. NO. 09-10961-JLT/MBB).

18. Aside from his first application (SEE EXHIBIT B), Prall filed two additional speedy trial motions with Cambridge District Court on June 16, 2010 and October 25, 2012 (SEE EXHIBIT D). When that court refused to take any action, Prall wrote the Administrative Office of the Trial Court to have Cambridge District Court send him a copy of the docket sheet (SEE EXHIBIT D).

19. Armed with the docket sheet, Prall filed a second mandamus in the Massachusetts Supreme Judicial Court highlighting paragraphs 12 to 18, and seeking an order compelling the Cambridge District Court to immediately bring him. This was the only avenue available because the Massachusetts Appeals Court will not consider his speedy trial claims without a record in the Cambridge District Court.

20. On October 28, 2013, Assistant District Attorney Jamie Michael Charles

- 6 -

filed an opposition. Despite the fact that his argument is conclusively refuted by the February 23, 2004 date stamp (SEE EXHIBIT B) and docket sheet (SEE EXHIBIT D), he argued that Cambridge District Court had not entered the speedy trial motion it received at the time Prall filed the first federal habeas corpus petition and the Massachusetts Supreme Judicial Court mandamus and Prall has to comply with the Interstate Agreement on Detainer in order to be brought to trial. Justice Margot Botsford agreed (SEE EXHIBIT E).

## COUNT I

This Court's affirmative answers to the questions 4 to 11 is confirmation that the Commonwealth of Massachusetts violated and is infringing on Prall Sixth and Fourteenth Amendments rights to speedy trial.

## COUNT II

Under Aguilar v. U.S. Immigration and Customs Enforcement Division of Department of Homeland Security, 510 F.3d 1, 14 (1st Cir. 2007) and Sayyah v. Farquharson,

- 7 -

382 F.3d 20, 28 (1st Cir. 2004), the unjustifiable and inordinate delay described in paragraphs 12 to 20 excuse exhaustion.

## PRAYER FOR RELIEF

The following relief is prayed for:

(a). Paragraphs 12 to 20 and Counts I and II be declared violative of Prall's speedy trial rights;

(b). This court to proceed on the ground that the delays and litigation misconduct on the part of the State excuse exhaustion; and

(c). Any other remedy this court deems as just and proper.

                         _____
                         Toran E. Prall, Pro-Se
                         700294B/650734
                         New Jersey State Prison
                         P.O. Box 861
                         Trenton, NJ 08625

Dated: June 30, 2015