UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TORMU E. PRALL, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No: 1:15-cv-12915-IT |
| | * | |
| CAMBRIDGE DISTRICT COURT, | * | |
| | * | |
| Respondent. | * | |

MEMORANDUM & ORDER

September 16, 2016

**TALWANI, D.J.**

Pro se Petitioner Tormu E. Prall, an inmate serving a state sentence in New Jersey, seeks a writ of habeas corpus under 28 U.S.C. § 2241 alleging that the Cambridge District Court ("Respondent") has violated his right to a speedy trial by failing to bring him to trial on charges pending since 2008. Pet. 7-8 [#1]. Respondent moves to dismiss the petition arguing that Petitioner failed to exhaust his claims in Massachusetts state court before filing his petition. Mot. Dismiss 1 [#16]. For the reasons that follow, the court finds that Petitioner has failed to exhaust his claims in state court, and therefore Respondent's Motion to Dismiss [#16] is GRANTED.

I.     PROCEDURAL BACKGROUND

On January 13, 2009, while Petitioner was awaiting trial in New Jersey, the Commonwealth of Massachusetts lodged a detainer against him with the Mercer County Correction Center in Trenton, New Jersey. Pet. Ex. A [#1-1]; Mem. Law Mot. Dismiss 4 [#17]. The detainer stated that Petitioner had warrants in Cambridge District Court. Pet. Ex. A [#1-1].

Petitioner states that after this detainer was lodged he filed a speedy trial motion on February 19, 2009 with the clerk of the Cambridge District Court but the Cambridge District Court took no action on the motion. Pet. ¶ 13; Ex. B [#1, #1-2].

Several months later, Petitioner filed a writ of habeas corpus with this court alleging that the Cambridge District Court has violated his right to a speedy trial. See Prall v. Cambridge District Court, No. 09-cv-10961-JLT, 2010 WL 7507485 (D.Mass. March 8, 2010). The Respondent filed a Motion to Dismiss the petition on three separate grounds, including that Petitioner failed to exhaust his state court remedies.[1]

While the federal habeas petition was pending, Petitioner sought a writ of mandamus under Mass. Gen. Laws c. 249, § 5 with the Massachusetts Supreme Judicial ("SJC"). Court. Pet. Ex. C [#1-3]. Petitioner requested "issuance of an order that he be brought immediately to trial on pending charges against him in the Cambridge District Court." Pet. Ex. C 2 [#1-3]. The SJC dismissed the action on December 23, 2009, finding the extraordinary remedy of a writ of mandamus was not warranted. Pet. Ex. C 3 [#1-3].

After the SJC dismissed the petition for writ of mandamus, the magistrate judge in the federal habeas proceeding issued a Report and Recommendation on Petitioner's § 2241 petition. Prall, 2010 WL 7507485 at *1. The magistrate judge noted that the criminal docket for Petitioner's case did not reflect the filing of a speedy trial motion with "the likely reason being that the address to which petitioner cites for the court changed in 2009." Id. at *5. Finding that

---

[1] The Respondent also moved to dismiss on the ground that Petitioner was not entitled to habeas relief because he was a pre-trial detainee and that he was not in the custody of the Commonwealth. Case No. 09-cv-10961-JLT, Mem. L. Mot. Dismiss 1[#9]. The court found that § 2241 afforded relief to out-of-state petitioners who had detainers lodged against them for pending criminal matters. Prall, 2010 WL 7507485 at *4 (citing Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 493 (1973)). Braden generally established that a detainer satisfied the in-custody requirements of § 2241. 410 U.S. at 488-89.

Petitioner had failed to exhaust his claim, the magistrate judge recommended dismissal, concluding that "[b]ypassing the available remedy of filing a motion for speedy trial in Cambridge District Court at the court's correct address and instead filing a mandamus action with the SJC is not an adequate means to fairly present the speedy trial claim to the SJC. Id. at *6. While the magistrate judge noted that unjustifiable or inordinate delay by the trial court might excuse exhaustion, the circumstances in Petitioner's case did not provide such an excuse. Id. The magistrate judge found that that there was a "relatively short delay thus far," and "a stronger showing of the unavailability of the state court remedy" was required for Petitioner to satisfy the exhaustion requirement of § 2241. Id. at *7.

The District Court adopted the Report and Recommendation, and Petitioner appealed to the United States Court of Appeals for the First Circuit. On October 3, 2012, the First Circuit affirmed the dismissal, stating, "for the reasons essentially stated by the magistrate judge in the Report and Recommendation . . . we conclude that Prall's filings . . . are meritless and do not warrant relief." Mem. L. Mot. Dismiss, Ex. 7 [#17-7].

In 2013, Petitioner brought a second mandamus action to the SJC, seeking an injunction that would order the Cambridge District Court to try him on the pending charges, or dismissal of the charges. Pet. Ex. E [#1-5]. In its November 12, 2013, ruling the SJC stated that there were no docket entries supporting Petitioner's claims of having filed motions for speedy trial. Id. The SJC noted further that Petitioner was convicted of offenses and was serving a sentence in the New Jersey State Prison, and that it appeared Petitioner had not complied with the requirements of the Interstate Agreement on Detainers. The SJC dismissed Petitioner's action.

II.   ANALYSIS

Petitioner argues that the Cambridge District Court's delay in bringing him to trial violates the speedy trial protections of the Sixth Amendment, and that the facts as alleged

demonstrate that he exhausted the "available" state court remedies. Resp. Order Show Cause 1 [#21-1]. Even assuming Petitioner's motion for speedy trial was received and docketed by the Cambridge District Court in February of 2009, this filing does not satisfy the exhaustion requirements for § 2241.

A habeas petitioner must exhaust the remedies in the courts for the state before seeking relief on a given claim in federal court. Braden, 410 U.S. at 489 (finding exhaustion required before court can consider a pre-trial detainee's request under § 2241); see generally Sanchez v. Roden, 753 F.3d 279, 294 (1st Cir. 2014) (exhaustion requirement codified by AEDPA). For a claim to be properly exhausted, Petitioner must follow all of the established procedures at the state court. In this case, filing a motion for speedy trial at the Cambridge District Court is not enough to satisfy exhaustion.

Massachusetts is a signatory to the Interstate Agreement on Detainers ("IAD"). Commonwealth v. Copson, 830 N.E.2d 193, 195 (Mass. 2005). The Interstate Agreement on Detainers established the procedures by which one jurisdiction may obtain custody of a prisoner serving sentences in another state. Id. Compliance with the procedures is mandatory for a prisoner who wishes to assert a speedy trial claim. 18 U.S.C. app. 2 § 2, art. III (a); Copson, 830 N.E.2d at 200 ("the requirements imposed on a prisoner by [the Interstate Agreement on Detainers] are mandatory"). To initiate the Interstate Agreement on Detainers, Petitioner must send a speedy trial request to the custodial official where he is imprisoned. "Essentially, in order to initiate the art. III procedures, the prisoner is to give or send the appropriate 'notice' and 'request' to the warden or other custodial official in the sending State." Copson, 830 N.E.2d at 196. The "notice" and "request" are the prisoner's "written notice of the place of his imprisonment and his request for a final disposition." 18 U.S.C. app. 2 § 2, art. III (a). "In turn, the custodial officer is responsible for forwarding the prisoner's written notice and request to the

appropriate prosecuting official and court in the receiving State, together with a 'certificate' of inmate status that includes certain information set forth in art. III (a)." Copson, 830 N.E.2d at 196. The certificate accompanying petitioner's request shall state "the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decision of the State parole agency relating to the prisoner." 18 U.S.C. app. 2 § 2, Art. III (a).

The Supreme Court has held that "the 180-day time period in Article III (a) of the IAD does not commence until the prisoner's request for final disposition of the charges against him has actually been delivered to the court and the prosecuting officer of the jurisdiction that lodged the detainer against him." Fex v. Michigan, 507 U.S. 43, 52 (1993). The Court specifically refused to carve out a fairness exception to the requirements of the Interstate Agreement on Detainers. Fex, 507 U.S. at 50 ("it is possible that a warden, through negligence or even malice, can delay forwarding of the request and thus postpone the starting of the 180-day clock."); United States v. Washington, 596 F.3d 777, 781 (10th Cir. 2010) (finding that Supreme Court has "refused to carve out a 'fairness' exception to the express language of the [Interstate Agreement on Detainers] in cases in which a third party had negligently or maliciously prevented delivery from occurring."); United States v. Dooley, 580 F.3d 682, 685 (8th Cir. 2009) ("even where prisoner has made a good-faith effort to invoke his rights under the Interstate Agreement on Detainers, he is not entitled to relief unless adequate notice was actually received"); United States v. Brewington, 512 F.3d 995, 997 (7th Cir. 2008) (clock does not start running until notice is actually received).

While the court is mindful that exhaustion not "serve to trap the unwary *pro* se prisoner who is not knowledgeable about the intricacies of the exhaustion doctrine," Rose, 455 U.S. at

530 (Blackmun, J., concurring), in this case, Petitioner's failure to follow state procedures for pre-trial speedy trial motions forecloses a grant of federal habeas relief.

In dismissing Petitioner's second motion for a writ of mandamus, the SJC noted that "it appears that [Petitioner] has not yet complied with the requirements of the Interstate Agreement on Detainers, St. 1965, c. 892, § 1, in his efforts to obtain a speedy trial on the charges, and <u>this is a necessary step for him to take</u>." Pet. Ex. E 3 [#1-5] (emphasis added). Petitioner has likewise not provided this court with evidence that he has complied with any of the requirements of the Interstate Agreement on Detainers that apply to prisoners serving sentences. Sending speedy trial motions directly to the Cambridge District Court does not trigger the speedy trial clock. Rather, Petitioner must send a notice and request to the warden of the New Jersey State Prison where he is serving a sentence. Only after the custodial official forwards this request with the certificate of inmate status, and it is received by the Cambridge District Court, does the 180 day speedy trial clock begin to run. 18 U.S.C. app. §2, art. III (a).

As the Supreme Court has stated, "we ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies." <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 848 (1999) (italics original). Taking the facts as alleged by Petitioner as true for purposes of the motion to dismiss, he has not followed the proper procedure for filing a motion for speedy trial, which for a prisoner serving a sentence includes complying with the requirements of the Interstate Agreement on Detainers and he therefore has not exhausted his speedy trial claim at the state court.

## III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss [#16] is GRANTED.

IT IS SO ORDERED.

September 16, 2016

/s/ Indira Talwani
United States District Judge